

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANAHER POWER SOLUTIONS, LLC,<br>f/k/a Cyberex, LLC, Successor In Interest<br>By Merger To Cyberex, Inc.<br>5900 Eastport Blvd., Bldg. V<br>Richmond, Virginia 23231-4453<br><br>    Plaintiff,<br><br>    v.<br><br>LAYERZERO POWER SYSTEMS, INC.<br>c/o Milind Bhanoo, President<br>8893 Lake In The Woods Trail<br>Chagrin Falls, Ohio 44023<br><br>    ALSO SERVE:<br><br>    Shannon L. McEaneney, Esq.<br>    Agent<br>    14th Floor, The East Ohio Bldg.<br>    1717 East Ninth Street<br>    Cleveland, Ohio 44114<br><br>    And<br><br>MILIND BHANOO, individually and as<br>President LayerZero Power Systems, Inc.<br>8893 Lake In The Woods Trail<br>Chagrin Falls, Ohio 44023<br><br>    And | CASE NO: 1:02CV1889<br><br>JUDGE:<br><br>**JUDGE GAUGHAN**<br><br>**MAG. JUDGE HEMANN**<br><br>COMPLAINT FOR INJUNCTIVE<br>RELIEF, MONEY DAMAGES,<br>ACCOUNTING, AND OTHER<br>RELIEF<br>(Jury Demand Endorsed Hereon) |

K0089619.1

| | |
|---|---|
| **JAMES GALM, individually and as Chief Technical Officer LayerZero Power Systems, Inc.**<br>9877 Wilson Mills Road<br>Chardon, Ohio 44024<br><br>    ALSO SERVE:<br><br>    James Galm<br>    3559 Townley<br>    Shaker Heights, Ohio 44122<br><br>    And<br><br>**ANTHONY PINKEY, individually and as Vice President Sales & Marketing LayerZero Power Systems, Inc.**<br>8893 Lake In The Woods Trail<br>Chagrin Falls, Ohio 44023<br><br>    ALSO SERVE:<br><br>    Anthony Pinkey<br>    25 Greenleaf Avenue<br>    Darien, Connecticut 06820<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Danaher Power Solutions, LLC, formerly known as Cyberex, LLC, successor in interest by merger to Cyberex, Inc. ("DPS"), for its Complaint against Defendants LayerZero Power Systems, Inc. ("LayerZero"), Milind Bhanoo ("Bhanoo"), James Galm ("Galm") and Anthony Pinkey ("Pinkey") (collectively, "Defendants"), herein states as follows:

## PARTIES

1. DPS is a Delaware limited liability company authorized to do business and doing business in the State of Ohio, with its principal place of business located at Richmond, Virginia.

2. LayerZero is an Ohio corporation with its principal place of business located at 8893 Lake In The Woods Trail, Chagrin Falls, Geauga County, Ohio 44023.

3. Defendant Bhanoo is an individual residing at 8893 Lake In The Woods Trail, Chagrin Falls, Geauga County, Ohio 44023.

4. Defendant Galm is an individual residing at 9877 Wilson Mills Road, Chardon, Ohio 44024 and/or 3559 Townley, Shaker Heights, Ohio 44122.

5. Defendant Pinkey is an individual residing at 8893 Lake In The Woods Trail, Chagrin Falls, Ohio 44023 and/or 25 Greenleaf Avenue, Darien, Connecticut 06820.

## VENUE AND JURISDICTION

6. Jurisdiction is founded upon 28 U.S.C. § 1338 (Patent Claims), 28 U.S.C. § 1332 (Diversity of Citizenship), and 28 U.S.C. § 1367 (Pendant Jurisdiction).

7. Venue is proper in the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claims occurred in whole or in part in this District and/or the property that is the subject of this action is situated in this District, and/or pursuant to 28 U.S.C. § 1400.

8. This Court has personal jurisdiction over the Defendants pursuant to, and by virtue of, without limitation, the provisions of Ohio Revised Code § 2307.382, including subsections (A)(1), (2), (4), and/or (6) thereof.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9. DPS develops and manufactures industrial grade static transfer switch devices which facilitate the protection of computers and other electronic devices from the effects of corrupted or inconsistent power sources.

10. DPS and its predecessors in interest, Cyberex LLC and/or Cyberex, Inc., have invested substantial money and other resources into researching, developing, and refining the static transfer switch device which DPS markets and sells.

11. DPS is currently a market leader in terms of sales volume and reputation for quality and performance in the static transfer switch industry.

12. The status of DPS as a market leader, and the benefits relating thereto, stem in large part from confidential, proprietary, and trade secret information which DPS and its predecessors have developed through significant investments of money and other resources and, as more particularly set forth below, Defendants Bhanoo, Galm, and Pinkey (hereinafter, collectively, the "Individual Defendants") had access to and acquired such confidential, proprietary, and trade secret information while employed by DPS; such information is not known generally to the public and certainly not to the competitors of DPS.

13. The confidential, proprietary, and/or trade secret information which DPS possesses is valuable to DPS because, among other things, it is held exclusively by DPS and is not known to DPS's competitors or the public generally.

14. The Individual Defendants were employees of Cyberex, LLC, successor in interest by merger to Cyberex, Inc., predecessors in interest to DPS ("Cyberex").

15. During his employment with Cyberex, Defendant Bhanoo was Vice President, Sales for Cyberex.

K0089619.1                                4

16. In his capacity as Vice President, Sales for Cyberex, Defendant Bhanoo had access to and acquired confidential, proprietary, and/or trade secret information (within the meaning of, among other things, Ohio Revised Code §1333.61 et. seq.) of Cyberex, including, without limitation, strategic planning information, engineering systems, procedures, process, controls, schematics, operating systems, designs, financial information, marketing planning information, marketing studies, pricing information, product designs, future development projects, sales information, services and projected revenues, and budgeting information.

17. Defendant Bhanoo was employed with Cyberex from May 2, 1993 until March 23, 2001, when he resigned his employment.

18. During his employment with Cyberex, Defendant Galm was Vice President, Technology for Cyberex.

19. In his capacity as Vice President, Technology for Cyberex, Defendant Galm had access to and acquired confidential, proprietary, and/or trade secret information (within the meaning of, among other things, Ohio Revised Code §1333.61 et. seq.) of Cyberex, including, without limitation, strategic planning information, engineering systems, procedures, process, controls, schematics, operating systems, designs, financial information, marketing planning information, marketing studies, pricing information, product designs, and future development projects.

20. Defendant Galm was employed with Cyberex from May 20, 1991 until March 22, 2001, when he resigned his employment.

21. During his employment with Cyberex, Defendant Pinkey was Regional Sales Manager, New York for Cyberex.

22. In his capacity as Vice President, Marketing for Cyberex, Defendant Pinkey had access to and acquired confidential, proprietary, and/or trade secret information (within the meaning of, among other things, Ohio Revised Code §1333.61 et. seq.) of Cyberex, including, without limitation, strategic planning information, sales information, services and projected revenues, budgeting information, marketing studies, and financial information.

23. Defendant Pinkey was employed with Cyberex from May 1, 1997 until July 23, 2001, when he resigned his employment.

24. In or around April of 2001, the Individual Defendants formed Defendant LayerZero for purposes of competing with Cyberex in the manufacture and sale of industrial-level static transfer switch devices.

25. Defendant Bhanoo is President of LayerZero, Defendant Galm is Chief Technical Officer of LayerZero, and Defendant Pinkey is Vice President of Sales and Marketing for LayerZero.

26. Defendant James Galm, during his employment with Cyberex, executed a document effectively assigning to Cyberex all of his right, title, and interest with respect to, among other things, the invention entitled "New and Improved Static Switch Method and Apparatus" (the "Assignment"). A true and correct copy of the Assignment is attached hereto as Exhibit A and incorporated herein by reference.

27. DPS is currently the owner of all right, title, and interest in and to U.S. Patent No. 5,814,904, entitled "Static Switch Method and Apparatus", and dated September 29, 1998 ("Patent 5,814,904"), a true and correct copy of which is attached hereto as Exhibit B and incorporated herein by reference.

28. DPS is currently the owner of all right, title, and interest in and to U.S. Patent No. 5,644,175, entitled "Static Switch Method and Apparatus", and dated July 1, 1997 ("Patent 5,644,175"), a true and correct copy of which is attached hereto as Exhibit C and incorporated herein by reference.

29. DPS is currently the owner of all right, title and interest in and to U.S. Patent No. 5,555,182, entitled "Source Quality Monitoring System", and dated September 10, 1986 ("Patent 5,555,182"), a true and correct copy of which is attached hereto as Exhibit D and incorporated herein by reference. (Patent 5,814.904, Patent 5,644,175, Patent 5,555,182 are hereinafter collectively referred to as the "Patents".)

30. On information and belief, the development, design, and/or manufacture of LayerZero's static transfer switch device was and is based in whole or in substantial part upon confidential, proprietary, and/or trade secret information belonging to DPS, including the Patents, all of which was acquired by the Individual Defendants while employed with Cyberex.

31. On information and belief, Defendant LayerZero, through its principals, the Individual Defendants, has utilized confidential, proprietary, and/or trade secret information belonging to DPS in order to unfairly and unlawfully compete with DPS by, among other things, contacting DPS's customers to solicit business and soliciting DPS's sales representatives for purposes of selling and/or marketing LayerZero's product.

32. Defendants, and each of them, have unlawfully, through improper means, infringed and/or misused, or knowingly permitted the infringement and/or misuse of, Cyberex's confidential, proprietary, and/or trade secret information and/or Patents, and have otherwise misappropriated DPS's confidential, proprietary, and/or trade secret

information and/or Patents, to their own use and for their own benefit, to the detriment of DPS.

33. On January 31, 2002, counsel for DPS requested that Defendant Galm assist in facilitating a reissue application in connection with Patent 5,814,904 pursuant to his contractual obligations as set forth in the Assignment document attached hereto as part of Exhibit A. A true and correct copy of correspondence sent by counsel for DPS to Galm's counsel is attached hereto as Exhibit E and incorporated herein by reference.

34. In response to DPS's request that Galm participate pursuant to his contractual obligation to facilitate the reissue patent application to be filed by DPS, Galm essentially refused, instead demanding unequivocal disclosure of DPS's trade secrets and confidential information, and a significant monetary payment. A true and correct copy of the letter dated February 6, 2002, which Galm sent to DPS, is attached hereto as Exhibit F and incorporated herein by reference.

35. Defendants' conduct was and has been at all relevant times, willful and malicious and violates the Ohio Uniform Trade Secret Act and Ohio common law.

36. During their employment with Cyberex, the Individual Defendants were aware, through verbal and written notice, as well as existing circumstances, that the information with which they were dealing and to which they had access (which is the subject of this action), was the property of Cyberex and was proprietary in nature, constituting the trade secrets of Cyberex, and was to be kept strictly confidential.

37. The Individual Defendants, in their capacity of employees of DPS, were privy to confidential, proprietary, and/or trade secret information belonging to DPS.

38. The similarity of the Individual Defendants' positions, functions, and duties in respect of their positions at LayerZero, to their positions, functions, and duties while employed by DPS, makes inevitable the disclosure/use/misuse by Defendants of DPS's confidential, proprietary, and/or trade secret information obtained and possessed by the Individual Defendants.

39. The confidential, proprietary, and/or trade secret information which the Individual Defendants learned during their employment with DPS will inevitably be disclosed and/or utilized by Defendants in their efforts to compete with DPS in the following ways, among others: utilizing technical trade secrets in the design and/or manufacture of Defendants' static transfer switch devices, and utilizing pricing information to compete with Plaintiff, utilizing strategic planning and marketing studies to unfairly undermine DPS's market position and/or sales prospects.

40. The product that LayerZero manufactures is directly competitive with the product manufactured by DPS, and the knowledge obtained by the Individual Defendants during their employment with DPS relative to DPS's pricing structure, marketing strategies, and technical and design information, will inevitably be disclosed and/or utilized by Defendants for purposes of unfairly and unlawfully competing with DPS.

41. On June 12, 2002, counsel for DPS sent a letter to the Individual Defendants requesting that they cease and desist their infringing activities. A true and correct copy of the June 12, 2002 letter sent by counsel for DPS to the Individual Defendants is attached hereto as Exhibit G and incorporated herein by reference.

42. On June 21, 2002, counsel for Defendants wrote to counsel for DPS; among other things, counsel for Defendants suggested that a meeting take place to discuss the relevant issue.

43. On July 22, 2002, counsel for DPS wrote to counsel for Defendants, and indicated her agreement to meet with Defendants on condition that Defendants allow DPS representatives to inspect relevant documents and other information. A true and correct copy of the July 22, 2002 letter sent by counsel for DPS to counsel for Defendants is attached hereto as Exhibit H and incorporated herein by reference.

44. On or about August 12, 2002, counsel for Defendants advised counsel for DPS that Defendants would not meet with DPS representatives under the conditions previously outlined by counsel for DPS. A true and correct copy of a letter dated August 15, 2002, sent by counsel for DPS to counsel for Defendants relating to this issue is attached hereto as Exhibit I and incorporated herein by reference.

45. Defendants' willful and malicious acts of misappropriation have caused DPS to suffer actual damages in an amount believed to be in excess of $75,000, but to be proven at trial, and threaten DPS with irreparable harm for which its has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### (Ohio Uniform Trade Secrets Act)

46. DPS incorporates by this reference Paragraphs 1-45 above as if fully restated herein.

47. The Individual Defendants, and each of them, misappropriated, through improper means, the trade secrets of DPS within the meaning of Ohio Revised Code

§1333.61 et seq. by, without limitation, breaching their duties, fiduciary and otherwise, as employees of Cyberex, by failing to maintain as confidential the trade secrets of DPS, and by using such trade secrets unlawfully to compete with DPS for their own benefit and to the detriment of DPS.

48. Defendant LayerZero knowingly, unfairly, and unlawfully utilized DPS's trade secret information, which was obtained through improper means, for its own purposes and for its own benefit, to the detriment of DPS.

49. The confidential, proprietary, and/or trade secret information misappropriated by Defendants included scientific and technical information belonging to DPS relating to DPS's static transfer devices, as well as DPS's related designs, processes, procedures, formulas, patterns, compilations, programs, devices, methods, techniques, and/or improvement information, together with business information or plans, financial information, and/or customer list identification belonging to DPS, all of which derived independent economic value to DPS, actual and/or potential, from not being generally known to and/or not being readily ascertainable through proper means by, other persons who could obtain economic value from disclosure or use of said information; Defendant LayerZero is and has at all relevant times been fully aware of the confidential and proprietary nature of this information and the duty of the Individual Defendants to preserve its security.

50. On information and belief, Defendant LayerZero continues to be in the possession of, and exercises control and dominion over, confidential and proprietary trade secret information of DPS that it continues to use for its benefit without the express or implied permission or authorization of DPS.

51. The confidential, proprietary, and/or trade secret information belonging to DPS and misappropriated by Defendants was the subject of reasonable efforts on the part of DPS to maintain its secrecy and confidentiality, including, without limitation, restricting such information only to those with a need to know.

52. Unless the Defendants are enjoined from their continued misuse/misappropriation of DPS's confidential, proprietary, and/or trade secret information, Cyberex will have no adequate remedy at law, and will suffer irreparable injury.

53. Cyberex is entitled to injunctive relief, both preliminary and permanent, to enjoin Defendants from any further use or misuse of Cyberex's confidential, proprietary, and/or trade secret information.

54. As a result of Defendants' willful and/or malicious conduct in misappropriating Cyberex's trade secrets, Cyberex is entitled to punitive and/or exemplary damages in the amount of three times its actual damages in accordance with Ohio Revised Code §1333.63.

55. DPS is also entitled to recover its attorney's fees in accordance with Ohio Revised Code §1333.64, and any and all other or further relief which may be appropriate pursuant to Ohio Revised Code §1333.61 et. seq.

## SECOND CLAIM FOR RELIEF
**(Common Law)**

56. DPS incorporates by this reference Paragraphs 1-55 above as if fully restated herein.

57. The Individual Defendants, breached their duties, fiduciary and otherwise, as employees of DPS in that the Individual Defendants have sought, and continue to seek,

unfairly and unlawfully, to compete with DPS by disclosing and/or utilizing DPS's confidential, proprietary, and/or trade secret information relative to DPS's trade and/or business, in which said Defendants were engaged in the course of their former employment with DPS.

58. As a result of Defendants' willful and malicious conduct, including the Individual Defendants' breach of duty and LayerZero's unfair and unlawful use of DPS's confidential, proprietary, and/or trade secret information, DPS is entitled to damages and/or relief against Defendants including, among other things, actual damages in an amount believed to be in excess of $75,000.00, but to be proven at trial, as well as injunctive relief to prevent any further use or misuse by Defendants of DPS's confidential, proprietary, and/or trade secret information.

## THIRD CLAIM FOR RELIEF
### (Inevitable Disclosure Doctrine)

59. DPS incorporates by this reference Paragraphs 1-58 above as if fully restated herein.

60. DPS is entitled to injunctive relief against all Defendants, preventing all Defendants from utilizing, misappropriating, and/or otherwise disclosing confidential, proprietary, and/or trade secret information belonging to DPS and obtained by the Individual Defendants during their employment with DPS, which will inevitably be disclosed and/or utilized by Defendants, to the detriment of DPS and the unfair competitive advantage of Defendant LayerZero.

## **FOURTH CLAIM FOR RELIEF**
**(Patent Infringement)**

61. DPS incorporates by this reference paragraphs 1-60 above as if fully restated herein.

62. On or about September 29, 1998, July 1, 1997, and September 10, 1996, respectively, the Patents were duly and legally issued to Cyberex.

63. DPS is the owner of all right, title, and interest in and to the Patents.

64. DPS has fully complied with the requirements of 35 U.S.C. § 287(a) by fixing, or causing to be fixed the word "patent" or the abbreviation "pat", together with Patent Nos. 5,814,904, 5,644,175, and 5,555,182 on all products manufactured or sold by, or on behalf of, DPS or any of its licensees, which embody DPS's patented invention(s).

65. Defendants have infringed and continue to infringe; have induced and continue to induce others to infringe; and/or have committed and continue to commit acts of contributory infringement of, one or more of the claims of the Patents. The Defendants' infringing activities in the United States and this District include manufacturing, use, sale, and/or offer for sale of certain items, including the static transfer devices that LayerZero sells, incorporating the characteristics subject to the Patents. Such infringing activities violate 35 U.S.C. § 271. Upon information and belief, such infringement has been, continues to be, willful.

66. As a consequence of the infringing activities of Defendants regarding the Patents as complained of herein, DPS has suffered monetary damages in an amount not yet determined, and DPS will continue to suffer such damages in the future unless and until Defendants' infringing activities are enjoined by this Court.

WHEREFORE, Plaintiff Danaher Power Solutions, LLC, f/k/a Cyberex, LLC, successor in interest by merger to Cyberex, Inc., respectfully requests that the Court enter judgment in its favor, and against Defendants, jointly and severally, as follows:

1. On its First Claim for Relief, together with any other appropriate relief requested below, that the Court enter judgment in favor of DPS, and against Defendants, in an amount which is currently unknown but to be proven at trial, and which is believed to be in excess of $75,000.00, plus interest, together with injunctive relief and such other and further relief to which DPS may be lawfully entitled pursuant to, without limitation, Ohio Revised Code §1333.61 et. seq.; and

2. On its Second Claim for Relief, together with any other appropriate relief requested below, that the Court enter judgment in favor of DPS, and against Defendants, in an amount which is currently unknown but to be proven at trial, and which is believed to be in excess of $75,000.00, plus interest, together with injunctive relief and such other and further relief to which DPS may be lawfully entitled; and

3. On its Third Claim for Relief, together with any other appropriate relief requested below, that the Court enjoin Defendants from any further misappropriation, disclosure, and/or use or misuse of DPS's confidential, proprietary, and/or trade secret information obtained by the Individual Defendants during their employment with DPS, together with such other and further relief to which DPS may be lawfully entitled; and

4. On its Fourth Claim for Relief, together with any other appropriate relief requested below, DPS prays that the Court enter judgment in favor of DPS, and against Defendants, jointly and severally, as follows:

a. That Defendants be declared to have infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to the claims of the Patents;

b. That Defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, successors, and all others in active concert or participation with them or acting on their behalf be permanently enjoined from further infringement of the Patents.

c. That Defendants be ordered to account for and pay to DPS all damages caused to DPS by reason of Defendants' infringement of the Patents pursuant to 35 U.S.C. § 284, including any enhanced damages;

d. That DPS be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the Patents;

e. That this be declared an "exceptional case" pursuant to 35 U.S.C. § 285 and that Defendants be ordered to pay DPS attorney's fees and costs;

5. That the Court enjoin Defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, successors, and all others in active concert or participation with them or acting on their behalf, from:

a. disclosing, DPS's confidential, proprietary, and/or trade secret information;

b. from continuing to manufacture, market, promote or sell products derived, in whole or in part, from DPS's confidential, proprietary, and/or trade secret information; and

c. from otherwise unlawfully utilizing DPS's confidential, proprietary, and/or trade secret information.

6. That the Court award/order appropriate relief in favor of DPS, to include the following:

a. Preliminarily and permanently enjoin Defendants from destroying, altering or modifying any information in their possession that relates to DPS's confidential business information and trade secrets;

b. Order that Defendants return immediately all documents and other tangible items that contain confidential business information or trade secrets of DPS, including but not limited to, all such records and data stored in machine-readable or other intangible form;

c. Order Defendants to account to DPS for all of their revenue and profits attributable to their use of DPS's confidential business information and trade secrets;

d. Award to DPS a reasonable royalty based on Defendants' misappropriation of DPS's confidential business information and trade secrets;

e. Award to DPS enhanced damages as provided by law;

f. Award DPS punitive damages in an amount sufficient to punish Defendants for the foregoing wrongful conduct and to deter future wrongful conduct; and

g. Award to DPS prejudgment interest, if applicable.

7. That the Court award DPS its costs and expenses herein, including its reasonable attorneys fees, and such other and further relief to which it may be entitled in law and/or in equity.

## JURY DEMAND

DPS hereby demands a trial by jury on all issues so triable.

Donna M. Flammang (0013868)
dflammang@taftlaw.com
Stephen H. Jett (0046821)
sjett@taftlaw.com
TAFT, STETTINIUS & HOLLISTER LLP
3500 BP Tower, 200 Public Square
Cleveland, Ohio 44114
(216) 241-2838
Fax: (216) 241-3707

Attorneys for Plaintiff Danaher Power Systems, LLC f/k/a Cyberex, LLC