FILED

03 AUG 20 PH 2: 23

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Danaher Power Solutions, L.L.C. f/k/a Cyberex, L.L.C., | ) ) ) | CASE NO.  1:02CV1889 |
| Plaintiff, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) ) | |
| LayerZero Power Systems, Inc., et al., | ) ) | <u>Memorandum of Opinion and Order</u> |
| Defendants. | ) | |

### Introduction

This matter is before the Court upon (1) plaintiff's Motion to Compel Production of

Documents and Responses to Interrogatories (Doc. 47) and (2) defendants' Motion to Compel

Discovery (Doc. 49).  This case involves claims of misappropriation of trade secrets, patent

infringement, inevitable disclosure, breach of fiduciary duty, breach of contract, spoliation,

conversion, defamation, disparagement, and violations of the Lanham Act, 15 U.S.C. § 1125(a),

arising out of defendants' alleged wrongful acquisition and misuse of plaintiff's confidential,

trade secret information.  In addition, defendants assert numerous counterclaims against plaintiff

1

(including claims of unfair competition, interference with business relations, violations of the Ohio Deceptive Trade Practices Act, Ohio Rev. Code 4165.02 et seq., abuse of process and cybersquatting) and seek a declaratory judgment that certain of plaintiff's patents are invalid due to prior art and other defects.

For the following reasons, the Court (1) grants in part and denies in part plaintiff's Motion to Compel, and (2) grants in part and denies in part defendants' Motion to Compel.

**Facts**

Plaintiff Danaher Power Solutions, L.L.C. (hereinafter "Danaher") develops and manufactures industrial grade static transfer switch devices ("STS devices"). (Am. Complt. ¶ 10). STS devices facilitate the protection of computers and other electronic devices from the effects of corrupted or inconsistent power sources. (Am. Complt. ¶ 10).

Defendants Milind Bhanoo, James Galm and Anthony Pinkey were employed by plaintiff Danaher as Vice-President of Sales, Vice-President of Technology and Regional Sales Manager for New York, respectively. (Am. Complt. ¶¶ 15, 16, 21, 26). While employed by plaintiff, each of these defendants (hereinafter referred to as the "Individual Defendants") signed various employment agreements, which plaintiff alleges contain provisions regarding confidentiality, ownership of intellectual property and non-competition. (Am. Complt. ¶¶ 15-33).

The Individual Defendants subsequently left their employment at plaintiff Danaher and, in April 2001, formed defendant LayerZero Power Systems, Inc. (hereinafter "defendant LayerZero"). (Am. Complt. ¶ 35). Defendant LayerZero also engages in the business of developing and manufacturing STS devices and is a competitor of plaintiff Danaher. (Am. Complt. ¶ 35).

2

Plaintiff Danaher filed a Complaint in this Court on September 24, 2002 and thereafter filed an Amended Complaint on February 28, 2003, in which it (among other things) added Russelectric, Inc. as a defendant.

Of relevance to the instant discovery disputes, the Court entered a Stipulated Protective Order on January 28, 2003. This Protective Order not only contains provisions to mark and treat certain documents as "Confidential," but also contains the additional protection of allowing the parties to designate certain documents containing trade secret or proprietary financial information as "Attorney Eyes Only." Under the terms of the Stipulated Protective Order, documents designated as "Attorney Eyes Only" may not be revealed to the parties themselves and may be viewed only by attorneys, the Court and other specifically-designated persons (not including the parties). *See* Stipulated Protective Order at ¶¶ 2(a), 5.

On December 11, 2002, plaintiff served its First Set of Discovery on the Individual Defendants and defendant LayerZero. Plaintiff served its Second Set of Discovery on these same defendants on March 19, 2003.[1]

Believing defendants' responses to numerous requests in both sets of discovery to be deficient, plaintiff sent letters to defendants requesting responsive answers on January 31, 2003, March 19, 2003, May 6, 2003, and June 9, 2003. In the course of responding to these letters, defendants provided some additional information, including providing four CD-ROM discs

---

[1] The discovery disputes at issue are between plaintiff and defendants LayerZero, Bhanoo, Galm and Pinkey and do not involve defendant Russelectric. For ease of reference, this Opinion will hereinafter use the term "defendants" in the context of the instant Motions to Compel to refer to the Individual Defendants and LayerZero.

containing over 40,000 pages of responsive documents.[2]  However, defendants continued to refuse to respond to certain discovery requests.

Meanwhile, on January 29, 2003, defendants served their First Set of Discovery on plaintiff.  Plaintiff responded on April 11, 2003.  Defendants thereafter sent plaintiff a letter on May 30, 2003, in which they raised numerous concerns regarding the sufficiency of plaintiff's answers.[3]  Plaintiff responded via letter dated June 9, 2003.

On June 25, 2003, plaintiff filed its Motion to Compel Production of Documents and Responses to Interrogatories.  Defendants filed their own Motion to Compel on July 14, 2003.  It is these Motions that are currently before the Court.

### A. **Plaintiff's Motion to Compel**

In its Motion to Compel, plaintiff Danaher argues that defendants' responses to nine separate categories of discovery responses are inadequate.  This Opinion will address each category in turn.

### 1. **Schematics, Photographs and Waveform Tests**

In its Second Set of Discovery, plaintiff asks defendants to produce all schematics pertaining to the gate drive board incorporated into the LayerZero STS devices (Request for Production ("RFP") 15) and all power system schematics associated with those devices (RFP

---

[2]     Defendants provided these discs to plaintiff on June 30, 2003, after the filing of plaintiff's Motion to Compel.

[3]     Defendants also state that they sent a May 15, 2003 letter to plaintiff regarding the insufficiency of its discovery responses and attach a letter dated May 15, 2003 to their Motion to Compel from defendants' counsel to plaintiff's counsel. This letter, however, addresses alleged deficiencies in defendants' Answers to plaintiff's discovery requests and does not address defendants' concerns regarding plaintiff's Answers to defendants' First Set of Discovery.

4

17). Plaintiff claims that these schematics are highly relevant to both its misappropriation of trade secrets and patent infringement claims.

In their Brief in Opposition, defendants maintain that they produced responsive documents regarding single-modular redundant devices in the four CD-ROM discs produced after the filing of the Motion to Compel, on June 30, 2003. They have refused, however, to produce any schematics regarding triple-modular redundant devices on the grounds that plaintiff has "never produced, manufactured and marketed" a triple-modular redundant device and that its attempt to get this information is merely an effort to improperly acquire the benefit of defendants' success in developing this technology.

Plaintiff replies that it has, in fact, "manufactured a device with triple-redundant features and was in the process of developing an enhanced version of the device at the time that the Individual Defendants left their employment with [plaintiff]." Plaintiff's Reply Brief at 3. Moreover, plaintiff argues that any concerns regarding plaintiff acquiring confidential or trade secret information are addressed by the parties' Stipulated Protective Order.

The Court grants plaintiff's Motion to Compel production of the schematics described in Second Set, RFPs 15 and 17. Plaintiff claims that it does manufacture a triple-modular redundant device and defendants offer no reason to disbelieve plaintiff's claim. Moreover, if plaintiff was indeed developing an enhanced version of this technology at the time the Individual Defendants left their employment with plaintiff, the Court agrees with plaintiff that schematics of defendants' triple-modular redundant devices are relevant to its misappropriation and infringement claims. The Court further finds that defendants' concerns regarding plaintiff acquiring defendants' proprietary information are adequately addressed by the Stipulated

5

Protective Order.

Plaintiff also requests that defendants produce "any and all photographs, including close-up photographs, reflecting the LayerZero STS device enclosure, bus-work, gate drive boards, main control boards, display panels, and I/O components, among other things." Second Set, RFP 14. Plaintiff maintains that such photographs are necessary for a meaningful inspection of defendant LayerZero's device[4] and are relevant to its misappropriation and patent infringement claims.

In response, defendants object to the production of this information, claiming that plaintiff's request is merely intended to harass defendants and intrude upon their sensitive business operations. Defendants maintain that production of these photographs will reveal trade secret information that is not relevant and that the schematics that have already been produced provide sufficient information for purposes of plaintiff's misappropriation and infringement claims.

Plaintiff argues, once again, that these documents are relevant and defendants' concerns are adequately addressed by the Stipulated Protective Order. The Court agrees. The requested photographs are limited to those reflecting the LayerZero STS device enclosure and would appear to be highly relevant to plaintiff's claims. If defendants feel they have a good faith basis for doing so, they may designate documents responsive to this request as either "Confidential" or "Attorney Eyes Only" under the Stipulated Protective Order, thereby protecting any trade secrets that may be at risk. The Court therefore grants plaintiff's Motion to Compel with respect to

---

[4]     Plaintiff Danaher also served a Request to Inspect defendant LayerZero's STS device.

6

Second Set, RFP 14.

Finally, plaintiff seeks the production of "all documents that constitute, reflect, or relate to any and all transfer waveform tests including, without limitation, tests that capture simultaneous currents and voltages of the three phases of each of the two sources and the load." Second Set, RFP 18. Plaintiff maintains that such documents are necessary for a meaningful inspection of defendant LayerZero's device and are relevant to its misappropriation and patent infringement claims. Moreover, plaintiff argues that any confidentiality/trade secret concerns are addressed by the Stipulated Protective Order.

Defendants do not respond to plaintiff's arguments regarding this issue in their Brief in Opposition. In letters sent to the plaintiff prior to the filing of plaintiff's Motion to Compel, defendants argue that this Request is overly broad and unduly burdensome. They offer instead to produce a representative sample of waveform tests. Plaintiff maintains that allowing defendants to "unilaterally and selectively" choose a representative sample of such tests would be unfair and contrary to the spirit of the discovery rules.

Because defendants fail to address this issue in any way in their Brief in Opposition, the Court finds that defendants have abandoned any objection to plaintiff's RFP 18. Even if the Court were to consider defendants' arguments from the letters appended to plaintiff's Motion, the Court agrees with plaintiff that allowing the defendants to unilaterally select a representative sample would be unfair to plaintiff. In the absence of any demonstration from defendants regarding burdensomeness in their Brief in Opposition, therefore, the Court grants plaintiff's Motion to Compel with respect to RFP 18.

In light of the above, the Court grants plaintiff's Motion to Compel with respect to

7

Second Set, RFPs 14, 15, 17 and 18 and orders that defendants have ten (10) days from the date of this Opinion and Order to produce responsive documents.

### 2.    Development, Sale, Manufacturing, and Marketing of LayerZero's STS Device

In its First Set of Discovery, plaintiff seeks the production of documents that "refer or relate to the development, manufacture, marketing or sale of STS devices by Defendants." First Set, RFP 6. Plaintiff claims such information is relevant to its misappropriation, patent infringement and disparagement claims.

Defendants claim that this issue is moot because responsive documents are included in the four CD-ROM discs they produced to plaintiff on June 30, 2003. In its Reply Brief, plaintiff claims that it has reviewed the documents on the discs and has found no documents responsive to this Request.

The Court grants plaintiff's Motion to Compel with respect to First Set, RFP 6 and orders that, within ten (10) days of this Opinion and Order, defendants must either (a) produce responsive documents or (b) specifically identify those documents already produced which defendants believe are responsive to this Request.

### 3.    Pricing of LayerZero's STS Devices

In its First Set of Discovery, plaintiff requests that defendants produce documents "referring or relating to your pricing for STS devices or that otherwise reflect how pricing is set for STS devices by you and/or otherwise the components or elements thereof." First Set, RFP 11. Plaintiff claims this information is relevant to its misappropriation and patent infringement claims, as well as its request for damages.

8

In their Brief in Opposition, defendants represent that they have produced responsive documents in the four CD-ROM discs provided to plaintiff on June 30, 2003. They further state, however, that they have not produced documents regarding "how pricing is set" because they find that phrase to be ambiguous.

Plaintiff asserts in its Reply that it has reviewed the four discs and found no responsive documents to this Request. Moreover, plaintiff argues that the phrase "how pricing is set" is not ambiguous and that defendants must have some method of determining the price of its devices and documents relating to that method.

The Court grants plaintiff's Motion to Compel with respect to First Set, RFP 11 and orders that, within ten (10) days of this Opinion and Order, defendants must either (a) produce responsive documents or (b) specifically identify those documents already produced which defendants believe are responsive to this Request. In addition, the Court finds that the phrase "how pricing is set" is not ambiguous and orders defendants to produce responsive documents within ten (10) days of this Opinion and Order.

### 4.    Communications Among Defendants Regarding Plaintiff or its Products

In its Second Set of Discovery, plaintiff requests production of "all documents that constitute, reflect, or relate to any and all communications between or among Defendants, or any of them, from January 1, 2001 through the present date, relating to [plaintiff] or its products." Second Set, RFP 10. Plaintiff claims this information is relevant because it will show whether defendants developed their products independently of plaintiff and whether defendants have infringed plaintiff's patents. Moreover, plaintiff claims this information is relevant to its claims that defendants made false representations regarding the validity of plaintiff's patents.

9

Defendants claim that plaintiff has possession of all responsive documents generated by the defendants between January 1, 2001 and March 22, 2001, during which time the Individual Defendants were still employed by plaintiff. Defendants further claim that no responsive documents were generated after March 22, 2001.

Plaintiff argues in its Reply that "whether or not [plaintiff] has documents is not the question" and that plaintiff is entitled to responsive documents in defendants' possession, even if such documents also happen to be in plaintiff's possession.

The Court disagrees with plaintiff's position. If plaintiff is already in possession of responsive documents, the Court agrees with defendants that they should not have to produce them. However, the Court can envision the possibility that responsive documents could have been generated by defendants in the last months of their employment with plaintiff, but in such a manner that they would not reasonably be expected to be in the possession of plaintiff.

Accordingly, the Court orders that plaintiff's Motion to Compel with respect to Second Set, RFP 10 be: (1) denied to the extent plaintiff is already in the possession of responsive documents generated between January 1, 2001 and March 22, 2001 and (2) denied with respect to the time period March 23, 2001 to the present as defendants state that no responsive documents were generated during such time period. Plaintiff's Motion is granted, however, to the extent that any responsive, non-privileged documents were generated between January 1, 2001 and March 22, 2001 that defendants have reason to believe are not or may not be in plaintiff's possession.

## 5. Communications Among Defendants Regarding LayerZero's STS Device and the Development of that Device.

10

In its Second Set of Discovery, plaintiff requests production of all documents that "constitute, reflect, or relate to any and all communications between or among Defendants, or any of them, from January 1, 2001 through the present date, relating to LayerZero's STS device or the development thereof." Second Set, RFP 11. Plaintiff claims this information (1) will show whether defendants developed their products independently of plaintiff and (2) is relevant to plaintiff's patent infringement claims.

Defendants have refused to produce responsive documents on the grounds that such request is overly broad and unduly burdensome, as it would effectively require defendants to "produce every document that relates to its central business: the developing, marketing, selling and servicing of its STS device." Defendants' Brief in Opposition at 7.

The Court finds that RFP 11 is overly broad and denies plaintiff's Motion to Compel with respect to the same. As an initial matter, the Court agrees with defendants that this particular request is worded too broadly and could conceivably encompass nearly every document generated by defendants in the ordinary course of their business. Moreover, with respect to plaintiff's argument that RFP 11 seeks documents regarding the development of defendants' device and such documents are critical to its misappropriation and infringement claims, previous discovery requests propounded by plaintiff have already specifically requested all documents that relate to the development, marketing or sale of defendants' STS device. *See* First Set, RFP 6.[5]

Because Second Set, RFP 11 is overly broad and plaintiff's central objective in propounding this request is addressed by other discovery requests it has propounded, the Court

---

[5]     As set forth on page 8 of this Opinion, *supra*, the Court has granted plaintiff's Motion to Compel with respect to this more narrowly tailored request.

11

denies plaintiff's Motion to Compel with respect to Second Set, RFP 11.

### 6. Financial Information

In its Second Set of Discovery, plaintiff propounds four discovery requests and one

interrogatory seeking certain financial information from the defendants. Specifically, plaintiff

seeks the following:

> –the identity of all persons or entities who have loaned money or invested funds or capital in defendant LayerZero (Second Set, Interrog. 3);
>
> – all documents relating to any and all loans received by defendants for purposes of funding LayerZero and/or its operations, including documents relating to any collateral securing of such loans (Second Set, RFP 4);
>
> – all financial statements of defendant LayerZero from 2001 through present date (Second Set, RFP 6);
>
> –all tax returns of defendant LayerZero from 2001 to the present (Second Set, RFP 7); and
>
> –all documents that relate to costs and expenses associated with or stemming from the development by defendants of LayerZero's STS device (Second Set, RFP 8).

With respect to the requests regarding loans and funding (Interrog. 3 and RFP 4), plaintiff

claims this information is relevant because it will show (1) "whether investors . . . believe that

LayerZero has viable intellectual property and why they believe this to be so;" (2) whether or not

defendants developed their own STS product and the extent of defendants' efforts in this regard;

and (3) whether LayerZero has offered any of its alleged intellectual property as collateral to

obtain loans. Plaintiff further claims that "the amount of money expended by LayerZero in

developing its product should be directly proportional to the effort, if any, expended by

LayerZero in developing that product." Reply Brief at 8. Therefore, plaintiff claims that

information about loans and investments are relevant to its claims of misappropriation and

12

infringement.

Defendants maintain that this information is not relevant and plaintiff's requests are merely an attempt to intrude upon defendants' sensitive business operations.

With respect to plaintiff's discovery requests regarding loans and investors, the Court denies plaintiff's Motion to Compel. Plaintiff has failed to sufficiently explain why the specific identities and amounts of each loan/investment bear any relevance to either the issue of whether defendants misappropriated plaintiff's confidential trade secret information, or to damages. Accordingly, the Court denies plaintiff's Motion to Compel with respect to Second Set, Interrog. 3 and RFP 4.

However, the Court grants plaintiff's Motion with respect to its discovery requests regarding defendants' financial statements, tax returns, and documents relating to costs and expenses incurred be defendants in developing their STS device (i.e., Second Set RFPs 6, 7, and 8). In addition to being relevant to the issue of damages, the Court agrees with plaintiff that this information may bear some relevance to the issue of the degree of effort expended by defendants in developing their product and, thus, to the issue of their alleged misappropriation of plaintiff's trade secrets. Finally, the Court further finds that defendants' concerns regarding the sensitivity of this information are adequately addressed by the Stipulated Protective Order.

Thus, the Court (1) denies plaintiff's Motion to Compel with respect to Second Set, Interrog. 3 and RFP 4 and (2) grants plaintiff's Motion with respect to Second Set, RFPs 6, 7 and 8. With respect to the these latter RFPs, the Court further orders that defendants have ten (10) days from the date of this Opinion and Order to provide responsive documents.

**7.** **Documents Concerning Defendants' Answers to Interrogatories and**

13

**Documents Concerning the Subject Matter of the Pleadings.**

In its First Set of Discovery, plaintiff requests that defendants produce all documents "that support or otherwise relate to your answers to [plaintiff's] First Set of Interrogatories" (RFP 1) and "that refer or relate to the subject matter of the Complaint, Answer, Counterclaim or Reply" (RFP 2). While defendants claim that these requests are "pointless and overbroad" and designed purely for harassment, plaintiff maintains that these are standard discovery requests and entirely appropriate.

For the following reasons, the Court grants plaintiff's Motion to Compel with respect to RFP 1 but denies said Motion with respect to RFP 2. RFP 1 is appropriately tailored to request documents relating to the specific issues raised by plaintiff's First Set of Interrogatories. RFP 2, on the other hand, broadly requests any documents having anything to do with any of the myriad factual and legal issues raised in the 166 paragraphs of the Amended Complaint as well as the numerous paragraphs contained in the defendants' Answer and Counterclaim. While the Court concurs with plaintiff that discovery requests seeking information/documents regarding a certain affirmative defense or allegation in a Complaint are customary, the Court finds that plaintiff's request as written is overly broad.

## 8.    Information Concerning the Identity of Customers

In its First Set of Discovery, plaintiff asks defendants to "identify all persons to whom LayerZero has sold or supplied STS devices." (First Set, Interrog. 3).

Defendants state in their Brief in Opposition that this issue is moot, as they produced responsive documents subsequent to the filing of plaintiff's Motion to Compel. In its Reply Brief, plaintiff does not expressly disagree with defendants' assertion, stating only that "[f]urther

14

discovery will determine whether all customers requested by [plaintiff] have been identified as represented by Defendants." Reply Brief at 9.

In light of defendants' representation that they have produced responsive documents, the Court finds that plaintiff's Motion to Compel with respect to First Set, Interrog. 3 is moot.

### 9.    Request to Identify STS Devices Manufactured by Other Competitors in the Workplace

In its First Set of Discovery, plaintiff asks defendants to "identify the 'other competitors in the marketplace' and the STS devices that they manufacture referred to in Paragraph 7 of the [defendants'] Counterclaim." (First Set, Interrog. 9). While plaintiff acknowledges that defendants have identified the "other competitors," plaintiff claims that defendants have failed to identify the specific STS devices that these competitors manufacture.

In response, defendants point out that plaintiff and defendants are in the same line of business (i.e., developing and marketing STS devices) and, therefore, this information is already well known to and/or readily ascertainable by plaintiff. In addition, defendants maintain that they have referred plaintiff to the web sites for each of these competitors and plaintiff is more than capable of discovering the requested information through its own review of these web sites.

Plaintiff states that "whether [it] itself has access to such information is irrelevant. . . [Plaintiff] is entitled to determine this information directly from Defendants as part of the discovery process." Reply Brief at 10. This is particularly so, argues plaintiff, because defendants themselves raised this issue by referring to other competitors in their Counterclaim.

The Court denies plaintiff's Motion to Compel with respect to First Set, Interrog. 9. Defendants contend, and plaintiff does not dispute, that the information sought by plaintiff in

15

Interrogatory 9 is public information that is easily accessible and understandable to plaintiff. Having identified the "other competitors" referred to in their Counterclaim, the Court finds that no purpose would be served by requiring defendants to further identify the types of devices these competitors manufacture when such information is both public in nature and easily available to plaintiff.

### Conclusion as to Plaintiff's Motion to Compel

Accordingly, for the reasons set forth above, the Court orders that plaintiff's Motion to Compel is GRANTED in part and DENIED in part as follows. Plaintiff's Motion to Compel is denied with respect to (1) First Set, Interrog. 9 and RFP 2 and (2) Second Set, Interrog. 3 and RFPs 4 and 11. Plaintiff's Motion to Compel is granted with respect to (1) First Set, RFPs 1, 6 and 11 and (2) Second Set, RFPs 6, 7, 8, 14, 15, 17, and 18.

Further, with respect to Second Set, RFP 10, the Court orders that plaintiff's Motion to Compel is: (1) denied to the extent plaintiff is already in possession of responsive documents generated between January 1, 2001 and March 22, 2001 and (2) denied with respect to the time period March 23, 2001 to the present as defendants state that no responsive documents were generated during such time period. Plaintiff's Motion is granted with respect to Second Set, RFP 10, however, to the extent that any responsive, non-privileged documents were generated between January 1, 2001 and March 22, 2001 that defendants have reason to believe are not or may not be in plaintiff's possession.

In addition, the Court finds that plaintiff's Motion to Compel with respect to First Set, Interrog. 3 is moot.

To the extent plaintiff's Motion is granted, the Court further orders that defendants have

16

ten (10) days from the date of this Opinion and Order to produce responsive documents or, in the case of First Set, RFPs 6 and 11, to specifically identify the documents already produced which defendants believe are responsive to those Requests.

## A.    Defendants' Motion to Compel Discovery

In their Motion to Compel, defendants seek an order from the Court requiring plaintiff to provide full and complete responses to Interrogatories 9, 12, 13, and 14 of their First Set of Discovery.  As Interrogatories 12 through 14 each request the same type of information, this Opinion will address these interrogatories as a group.  This Opinion then addresses Interrogatory 9.

### 1.    Interrogatories 12, 13 and 14

In Interrogatories 12, 13 and 14 of their First Set of Discovery, defendants ask plaintiff to "identify the confidential, proprietary, and trade secret information that [each of the individual defendants] had access to and which he used and/or disclosed to the detriment of Danaher." First Set, Interrogs 12, 13, and 14.[6]

Plaintiff's responses to each of these Interrogatories are the same.  First, plaintiff objects on the grounds that these interrogatories are vague, overly broad and unduly burdensome and further objects on the basis that discovery is ongoing.  Plaintiff then responds as follows:

> Subject to and without waiving any general or specific objections, [plaintiff] states that the confidential, proprietary, and trade secret information as previously identified in Interrogatory 3 would necessarily be used, implicated and incorporated into the design, manufacture and marking of the LayerZero device as described in the marketing material.

---

[6]    Interrogatories 12, 13 and 14 each propound the same request (as set forth above), however, Interrogatory 12 seeks information with regard to defendant Bhanoo, Interrogatory 13 seeks information with regard to defendant Galm and Interrogatory 14 seeks information with regard to defendant Pinkey.

17

> [Plaintiff] will supplement its response after Defendants fully respond to [plaintiff's]
> discovery requests.

*See* Plaintiff's Answers to Interrogatories 12, 13 and 14 of Defendants' First Set of

Interrogatories.

The confidential, proprietary and trade secret information identified in plaintiff's response

to defendants' Interrogatory 3 (referred to in plaintiff's Answer, above) consists of "strategic

planning information, engineering systems, procedures, process, controls, schematics, operating

systems, designs, financial information, marketing studies, pricing information, product designs,

future development projects, sales information, services and projected revenue, and budgeting

information." *See* Plaintiff's Answers to Interrogatory 3 of Defendants' First Set of

Interrogatories.

Defendants argue strenuously that plaintiff's responses to Interrogatories 12, 13 and 14

are evasive and non-responsive.[7]  Defendants maintain that "the bottom line" is that plaintiff's

discovery responses demonstrate that plaintiff lacked (and continues to lack) sufficient evidence

to make misappropriation allegations in its Amended Complaint in violation of Fed. R. Civ.

Proc. 11.  Moreover, defendants argue that plaintiff's attempt to answer these interrogatories by

reference to its generalized description of various categories of documents (set forth in response

---

[7]  In the text of their Motion to Compel, defendants also complain about the alleged
insufficiency of plaintiff's responses to Interrogatories 3 and 22.  However, at the
conclusion of their section regarding this issue, defendants ask that this Court
require plaintiff to "immediately file complete answers to Defendants'
Interrogatory Nos. 12, 13 and 14" and do not ask for an order regarding
Interrogatories 3 and 22.  Plaintiff's Brief In Opposition assumes that defendants
are only seeking relief with respect to Interrogatories 12, 13 and 14 and, therefore,
does not address Interrogatories 3 and 22.  Because defendants do not move this
Court for relief with respect to Interrogatories 3 and 22, the Court finds that it
need not address these Interrogatories.

18

to Interrogatory 3) is inappropriate. Defendants insist that plaintiff is required to identify "specific documents and specific pages and paragraphs" that defendants allegedly wrongfully used against plaintiff.

In response, plaintiff stands by its responses and contends that it has provided full and complete answers based on the information available to it at this time. Plaintiff emphasizes that it identified the relevant categories of documents that defendants had access to and produced over 50,000 pages of documents, which include many of the categories of trade secrets to which defendants had access. Moreover, plaintiff argues that it is not required to prove its case at the pleading stage or during discovery, particularly when necessary evidence is in the exclusive possession of the opposing party.

Finally, plaintiff appears to summarize its misappropriation theory in this case by stating generally that the only way that the individual defendants could have formed a competing company and developed a competing product in so short a time after resigning from their employment with plaintiff is by misappropriating plaintiff's trade secrets and infringing upon plaintiff's patents.

The Court is concerned by plaintiff's Responses to these Interrogatories. This appears to be a highly specialized, technical field in which both plaintiff and defendants design, manufacture and market the same type of STS devices. Given the specialized nature of these devices and the particular knowledge that must be necessary to compete in this field, it is difficult to believe that plaintiff cannot articulate with any degree of specificity any of the information/documents that it claims was misused by defendants. Indeed, in its own Motion to Compel, plaintiff argues that it is entitled to schematics regarding defendants' triple-modular

19

redundant devices, in part, because plaintiff was developing an enhanced version of this technology at the time the individual defendants resigned. *See supra* at page 5. This implies that plaintiff believes defendants misappropriated, or may have misappropriated, this technology. Given the centrality of plaintiff's misappropriation claim to this case, the Court is troubled by plaintiff's vague responses.

That being said, it is true that it is early in the discovery process. (The non-expert discovery deadline is November 15, 2003 and the expert discovery deadline is May 1, 2004). Plaintiff has not yet received full responses to many of its discovery requests, as set forth *supra*. It may be that the information requested can only be known with certainty by the individual defendants themselves.

In light of the above, the Court denies defendants' Motion to Compel with respect to Interrogatories 12, 13 and 14 at this time. However, the Court (1) notes that plaintiff has agreed to supplement its responses to these Interrogatories after receiving full and complete answers from defendants, and (2) orders that plaintiff must provide full and complete supplemental responses to Interrogatories 12, 13 and 14 no later than fourteen (14) days after defendants provide responses pursuant to this Court's Order regarding plaintiff's Motion to Compel, *supra*.

**2.  Interrogatory 9**

In Interrogatory 9, defendants ask plaintiff to identify persons or entities, other than plaintiff, who had access to any of the confidential, proprietary and trade secret information identified by plaintiff in its response to Interrogatory 3 (set forth above). Defendants claim this information is relevant to defendants' evaluation of (1) whether certain documents/ information, in fact, constitute confidential, trade secret information and (2) whether plaintiff has waived its

20

right make such a claim.

After objecting on the grounds that it is vague, overly broad, unduly burdensome and

seeks privileged information, plaintiff responds to Interrogatory 9 as follows:

> Subject to and without waiving any general or specific objections, [plaintiff] states that on
> some occasions third-parties, including customers, covered by non-disclosure agreements
> and/or terms and conditions of contracts, may have had access to some of the
> confidential, proprietary and trade secret information. [Plaintiff] will supplement its
> response as appropriate.

*See* Plaintiff's Response to Defendants' First Set of Discovery, Interrogatory 9. Defendants

argue that this Response is non-responsive.

In its Brief in Opposition, plaintiff claims that "[t]o require plaintiff to ascertain each and

every customer to whom it has provided restricted access to confidential information in the

context of service or warranty activities would impose a completely unreasonable burden that far

outweighs any marginal benefit," particularly in the absence of a specific time frame.

The Court grants defendants' Motion to Compel with respect to Interrogatory 9 but orders

that such Interrogatory is limited to the time period of January 2001 to the present. The Court

further orders that plaintiff has ten (10) days from the date of this Opinion and Order to provide

responsive answers.

### Conclusion as to Defendants' Motion to Compel

Accordingly, for the reasons set forth above, the Court orders that defendants' Motion to

Compel is GRANTED in part and DENIED in part as follows. Defendants' Motion to Compel is

denied with respect to First Set, Interrogatories 12, 13 and 14, however, plaintiff must provide

full and complete supplemental responses to Interrogatories 12, 13 and 14 no later than fourteen

(14) days after defendants provide responses pursuant to this Court's Order regarding plaintiff's

Motion to Compel, *supra.*

Defendants' Motion to Compel is granted with respect to First Set, Interrogatory 9, however, such Interrogatory is limited to the time period of January 2001 to the present. The Court further orders that plaintiff has ten (10) days from the date of this Opinion and Order to provide responsive answers to this Interrogatory 9.

**B.**     **Attorney Fees**

In the context of each of their respective Motions to Compel, both plaintiff and defendants ask this Court for an award of attorney fees. The Court denies both parties' requests.


IT IS SO ORDERED.


PATRICIA A. GAUGHAN
United States District Judge